THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. NICOLÁS VÉLEZ, Defendant and Appellant.

No. 10315. Argued February 7, 1944.—Decided April 19, 1944.

---

[3] See *Adams* v. *Quintero*, 44 P.R.R. 9.

*Manuel Cruz Horta* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Nicolás Vélez was charged in the District Court of Humacao on June 6, 1939, with a violation of §320 of the Penal Code, in that he "unlawfully and wilfully marked, branded, and desfigured a calf (an animal of the bovine species) belonging to Benito Abad Robles, by cutting part of the tail and altering the shape of the horns with the malicious and criminal intent thereby to rob, steal, and appropriate said animal, which did not belong to him, and prevent identification thereof by the true owner, said Benito Abad Robles."

On June 20 of the same year the defendant was arraigned and through his attorney, he pleaded not guilty and moved for a jury trial. However, it was not until October 27, 1942 —or three years and four months after the arraignment— that the jury trial was held, the defendant being found guilty and sentenced to one year' imprisonment in the penitentiary.

The first error assigned by the appellant herein is that the lower court erred in denying his motion for dismissal of the prosecution pursuant to §448 of the Code of Criminal Procedure.

From the record it appears that said motion was verbally made by defendant's counsel when the case was called for trial. The district attorney objected and, attaining that '"we produce '(*sic*) in evidence the record and documents of the court," he showed that the case had been set for trial for the first time on *July 9, 1941;* that the defendant did not appear, although he had been summoned, his arrest was ordered, and he was charged with contempt; that on the same day defendant's counsel appeared and alleged that the defendant did not appear because he had been summoned the night before and had not had sufficient time, thereby having the order of arrest annulled and the trial continued to *August 18, 1941.* On that date the defendant again sought the continuance of the trial on the ground that he was not ready for trial; the district attorney objected and the court denied the motion, but later when the defendant stated that he would pay the expenses caused to The People, the district attorney consented and the court again postponed the trial of the case. It was set for March 26, 1942, and "because *the jury had not yet arrived* at eleven o'clock in the morning" (italics ours) and because "a case for mayhem was being tried," as the district attorney stated, the defendant filed another motion for the continuance of the case, thereby expressly waiving his right to a speedy trial, to which the district attorney consented, and once again the lower court postponed the trial for October 27, 1942, on which date the case was finally tried.

While the district attorney stated that he "produced" in evidence the documents of the court showing the previous facts, counsel for the defense made no objection. Neither did he take an exception to the order of the court denying his motion for the dismissal of the prosecution. Now, on appeal, he alleges that we should not take into consideration the statement of the district attorney because "there is no showing from the record to justify (just cause) the delay in the trial," since the district attorney referred orally to

the documents but these do not appear as introduced in evidence nor do they form part of the record as such proof.

There is no doubt that when the district attorney said "we produce in evidence," when referring to the record and to the minutes of the court, he was thereby introducing them in evidence, and that since the defendant made no objection the court admitted the same for it expressly referred to them when denying defendant's motion. In order to argue this question, raised by appellant himself, he actually relies on the minutes to which the district attorney referred. If from the record of the lower court there was no showing of said motions for continuance, filed by the defendant, he could have contradicted the statements of the district attorney and affirmatively proved that he had not filed them and that he had not waived his right to a speedy trial. He can not allege now that the record on appeal is incomplete and that this court is not in the same position as the lower court to decide his motion.

The facts of this case show the inexcusable negligence with which criminal actions are being prosecuted in the district courts. This is a simple prosecution begun four years and ten months ago—June 1939—where the trial was had three years and four months later—October 1942—and the record on appeal was filed in this Supreme Court one year and one month later—November 1943. There is no justifiable reason that situations like this should prevail. About a month ago we censured the same delay in a case of murder appealed from the District Court of Guayama. See *People* v. *González, ante,* p. 252. Today, again, we must do so about this case from the District Court of Humacao. The district attorneys as well as the defendants are entitled to continuances, for a reasonable time, for just and meritorious causes. But the courts have the duty to deny such continuances, either to the district attorney or to the defendant, when the reasons alleged are frivolous or for the mere purpose of delaying the prosecution. The facts in this case

show a good example of the unjustified delay that could have been avoided. First, the defendant is summoned the night before the trial, when that should have been done at least five days before; then the trial is postponed a second time for the alleged reason—a plainly dilatory and frivolous one —that the defendant was not ready to enter trial; and lastly, several months later, the trial is again postponed, on motion of the defendant, who waived a speedy trial, because there was another case on trial and the jury had not all arrived. Proceedings like this are responsible for the undue increase of pending cases before the district courts, causing unnecessary expenses to the government and obstructing the speedy administration of justice.

Since it was the appellant who sought the postponements granted, the lower court did not err in denying his motion for a dismissal.

■■ We shall not pass upon the second assignment of error wherein it is alleged that the lower court erred in denying the motion for a new trial, because the second notice of appeal, now under discussion, whereby the defendant appealed from the judgment as well as from the order denying a new trial, was filed on May 15, 1943, that is, five months and twenty-seven days after said motion was denied on November 18, 1942. Under §349 of the Code of Criminal Procedure, an appeal from a judgment may be taken within six months, but from an order, such as the one herein denying a motion for a new trial, the appeal must be taken within sixty days after its rendition. It is true that the defendant filed his first notice of appeal in time, but on his motion this court dismissed the appeal and then, after the sixty-day period had expired, he filed his second notice of appeal.

Finally, the appellant alleges that the jury erred in the weighing of the evidence. We have examined the transcript of the evidence and we are of the opinion that the evidence for the prosecution, which was believed by the jury, is sufficient to support the conviction.

The judgment appealed from must be affirmed.